FILED

2016 Jul-14  AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CECIL M. FERGUSON; WILLIAM HORSMAN, III, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No.  5:14-cv-02396-RDP-JHE |
| v. | ) ) | |
| KIM TOBIAS THOMAS, et al., | ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

The Magistrate Judge filed a Report and Recommendation on June 20, 2016, recommending that Defendants' Special Report, construed as a motion for summary judgment, be granted, and that this action be dismissed with prejudice. (Doc. 55). Plaintiffs timely filed objections to the Report and Recommendation. (Doc. 56). Having considered Plaintiffs' objections, the court finds as follows:

Plaintiffs' first object that the Report and Recommendation is "neither accurate or factual, and is insufficient as a matter of law." (Doc. 56 at 2). Plaintiffs continue, stating that the Magistrate Judge has "usurped the function of the fact-finder in resolving conflicting affidavits." (*Id*.). Plaintiffs provide no specific factual or legal basis for these assertions, and they do not identify any specific factual errors or legal insufficiencies in the Report. Plaintiffs fail to identify the affidavits to which they refer. Given the lack of specific objections to the Magistrate Judge's factual findings or recommendations, the court cannot decipher the grounds upon which Plaintiffs contend the Magistrate Judge erred.

Plaintiffs next complain that their attempts to conduct limited discovery were denied "several times." (Doc. 56 at 2-3). The court made no such rulings. Plaintiffs propounded six

sets of interrogatories, requests for admission, and requests for production. (Docs. 38, 40-43, 46 and 47). Plaintiffs filed no motion to compel responses, and the court has no knowledge as to whether Plaintiffs ever received responses to their discovery requests. Plaintiffs never requested any additional discovery, nor filed any pleading which could be construed as a claim that the disclosures from Defendants' special report were insufficient.[1] The court did not deny Plaintiffs the opportunity to engage in limited discovery as they claim. Plaintiffs also object because the "PLRA and magistrate judge have placed a burden on the plaintiffs which is virtually insurmountable." (Doc. 56 at 3). Again, Plaintiffs provide no specific factual basis for their objection. However, the court must enforce the PLRA as written, regardless of Plaintiffs' belief that it creates too great of a burden.

Plaintiffs' third objection is that they were denied access to "all relevant data." (Doc. 56 at 3). Again, Plaintiffs have failed to identify any specific documents or other evidence which they sought but could not obtain. Plaintiffs complain that they lacked typewriter ribbons, had only a broken typewriter, and lacked adequate law library resources. (*Id.*). Plaintiffs further assert (somewhat creatively) that they "feel like they are members of the Fred Flintstone law firm."[2] (*Id.*). Because they are proceeding *pro se*, Plaintiffs have been allowed to file all

---

[1] Plaintiffs filed a motion for summary judgment consisting of twenty-seven pages of argument and exhibits, plus ten catalogues filed conventionally (Doc. 34), a ten page supplement to that motion (Doc. 44); 158 pages of argument and exhibits in response to Defendants' motion for summary judgment (Doc. 50); a fourteen page evidentiary supplement to that response (Doc. 51); thirteen additional pages styled as "supplemental objections" (Doc. 52); and an additional exhibit in support of their previous filings (Doc. 53). Nowhere in any of these pleadings do Plaintiffs assert they needed additional information, which was in Defendants' possession and/or obtainable through discovery, to respond to Defendants' motion for summary judgment.

[2] Plaintiffs have not brought any constitutional claim for interference with access to the courts. Although in *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds* did not create an abstract, free-standing right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. "[T]he Constitution does not require that prisoners . . . be able to conduct generalized

pleadings handwritten.  They have suffered no prejudice from lack of access to typewriters. Additionally, to the extent Plaintiffs believe further legal citations would have assisted their claims, the court notes that the Magistrate Judge construed Plaintiff's complaint liberally, considered Plaintiffs' factual allegations in the light most favorable to them, and then applied the proper legal precedents of the Eleventh Circuit.  Further case citations would have no impact on the merits of Plaintiffs' claims.

Plaintiffs also object to the Magistrate's Judge's observation in footnote 8, page 6 of the Report and Recommendation that much of Plaintiffs' documentary submissions are hearsay. (Doc. 56 at 4).  Although Plaintiffs assert that the Magistrate Judge failed to specify to which documents this observation referred to, that assertion is belied by footnote 8 of the Report and Recommendation itself.  There the Magistrate Judge listed fourteen categories of submissions and cited to the thirty-five specific records of Plaintiffs' submissions.  Plaintiffs rely on *Church of Scientology v. City of Clearwater*, 2 F.3d 1514, 1530 (11th Cir. 1993) for the proposition that the myriad newspaper articles they submitted can be used as evidence in opposition to summary judgment.  (Doc. 56 at 4). However, as the Eleventh Circuit has since clarified, *Church of Scientology* held no such thing.  Rather, the Court of Appeals has explained that:

> Neither *Church of Scientology* nor *Offshore Aviation* [*v. Transcon Lines, Inc.*, 831 F.2d 1013 (11th Cir. 1987)] holds that inadmissible hearsay may be used to defeat summary judgment when the hearsay will not be available in admissible form at trial.  In *Church of Scientology*, we held that the district court should have considered newspaper articles offered as evidence that Clearwater's city commission conducted its legislative process with the intention of singling out the Church of Scientology for burdensome regulation. 2 F.3d at 1530-31. There was no argument that the events recounted in articles could not be proven with admissible evidence at trial, and we expressed no opinion as to whether the articles themselves would be admissible at trial.  *Id.* at 1530-31 & n. 11.  Indeed, there was every indication that witnesses would be able to testify at trial from their personal knowledge of the events recounted in the articles.

---

research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id.*, at 360.

*McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996), aff'd sub nom. *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781 (1997). The circuit court continued by explaining that "otherwise admissible" evidence may be submitted in inadmissible form at the summary judgment stage. *Id*. As the Magistrate Judge noted, Plaintiffs' materials included Plaintiffs' opinions as to the legality of various prison conditions, statements from other prisoners, printed articles from unidentified sources, complaints about general conditions and perceived fire hazards (including lack of cleaning supplies, kitchen plumbing, sewage problems, building code violations, health code violations and lack of mirrors in bathroom), and other irrelevant items. To the extent Plaintiffs object to the Magistrate Judge's failure to consider materials unrelated to Plaintiffs' claims or materials which could not be made admissible for trial, Plaintiff's objection is without merit. The newspaper articles and other evidence submitted by Plaintiffs failed to create any genuine issue of material fact on any of Plaintiff's claims.

Plaintiffs' next objection is that the Magistrate Judge only considered constitutional violations and not their state law claims or their claimed violations of Alabama administrative regulations by the Alabama Department of Corrections. (Doc. 56 at 5). This objection also lacks merit. Plaintiffs have not identified any specific law or regulation raised in their pleadings which the Report and Recommendation did not address. To sustain an action under Section 1983, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been violated. *Paul v. David*, 424 U.S. 693, 696–97 (1976). To the extent Plaintiffs intended to bring claims for violations of state law or Alabama administrative regulations, the mere violation of departmental regulations and/or standard operating procedures does not assert a violation of an inmate's constitutional rights. *Sandin v. Connor*, 515 U.S. 472, 481-82 (1995) (prison regulations are not intended to confer rights or benefits on inmates but are

4

merely designed to guide correctional officials in the administration of prisons).  And, to the extent Plaintiffs intended their claims of violations of state regulations -- including state fire regulations -- to stand independently of evidence of constitutional violations, this court lacks jurisdiction to consider in the first instance whether a state agency is properly adhering to state regulations.  Moreover, the court will not consider new claims raised for the first time in Plaintiffs' objections to the Report and Recommendation.  To the extent Plaintiffs direct this objection to a claim under the Alabama Clean Indoor Air Act, the same has already been addressed, both in prior rulings and again in the Report and Recommendation.  As previously found, the Alabama Clean Indoor Air Act does not provide Plaintiffs a private right of action. (Docs. 49 & 55 at 5).

Plaintiffs also assert they cannot obtain copies of their medical records without discovery.[3]  (Doc. 56 at 6).  As previously stated, Plaintiffs filed discovery requests (although none addressed their medical records) and never informed the court that Defendants failed to respond to any of those requests.  Plaintiffs further fail to identify anything in their medical records which could provide support for any of their claims properly before this court.  Rather, they merely assert that the Magistrate Judge misapplied the Rule 56 standard because the CDC and American Cancer Society have stated that "there is no safe level of exposure to second hand smoke."  (*Id*.).  As noted in the Report and Recommendation, this is a fact of which the court may take judicial notice.  (Doc. 55 at 11 n.10).  However, to show a violation of their

---

[3]Plaintiffs state "[p]ursuant to Rule 56(f) F.R.Civ.P. --- the court can 'issue any other just order.'" (Doc. 56 at 6).  Under the previous version of Rule 56(f), a party could submit an affidavit stating, in essence, that he or she needed additional time for discovery in order to properly oppose a motion for summary judgment.  *See e.g., Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989).  Similar language now appears in Rule 56(d). In any event, Plaintiffs have not provided an affidavit specifying any reasons they cannot present facts essential to justify their opposition.  *See e.g., Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to confirm to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").  And even were this court to dispense with the affidavit requirement, they have not made a showing that any additional discovery could aid them in this case.

constitutional rights sufficient to survive summary judgment, Plaintiffs are required to produce evidence demonstrating a personalized injury from the alleged exposure. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-219 (1974) (stating that the party seeking review "must himself have suffered an injury," and that an "[a]bstract injury is not enough."). Because Plaintiffs' have not submitted any such evidence, summary judgment must be granted in Defendants' favor. To be clear, this conclusion does not rest on a determination of whether second hand smoke is dangerous to Plaintiffs' health in general.

Finally, Plaintiffs assure the court they will be ready for trial because more than twenty years ago Plaintiff Horsman tried a case in front of the Hon. James Hancock, and Judge Hancock stated that Horsman did a good job. (Doc. 56 at 7). As this is not an objection to the Report and Recommendation, it requires no consideration from the court. Moreover, a *pro se* plaintiff's ability to present his or her claims eloquently should the case proceed to trial has no bearing on a ruling on a summary judgment motion.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the Magistrate Judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **ORDERS** that Defendants' motion for summary judgment (Doc. 28) is **GRANTED**, the court finding no genuine issues of material fact exist. Plaintiffs' motion for summary judgment (Doc. 34) and Plaintiffs' motion to join necessary parties (Doc. 48) are **DENIED** for the reasons set forth in the Report and Recommendation.

A Final Judgment will be entered.

6

**DONE** and **ORDERED** this July 14, 2016.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE